**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT PEOPLES, )<br>         Plaintiff, )<br>vs. )<br>WELLS FARGO BANK N.A., et al., )<br>         Defendants. ) | Case No. 2:07-cv-01025-RCJ-PAL<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br>(Mtn to File RICO Statement - #27) |

    Plaintiff is proceeding in this matter *pro se*. This matter is before the court on plaintiff Robert Peoples' Motion to File RICO Act Statement (#27) filed September 25, 2007. The court has considered Peoples' Motion (#27), the Opposition (#32) filed by defendants Wells Fargo Bank, Afiza Homam, and Angelica Tenchavez (collectively, the "Wells Fargo Defendants"), the Opposition (#33) filed by the Unites States and Deborah J. Egan (collectively, the "federal defendants"), and Peoples' Reply (#37).

**BACKGROUND**

    On June 21, 2007, Peoples filed a complaint (#1 at Exh. "A") in the Justice Court, Las Vegas Township in Clark County, Nevada alleging conspiracy under Nevada State Racketeer Influenced and Corrupt Organizations Act ("RICO"), Nevada Revised Statutes ("N.R.S.") §§ 207.360, 207.380, 207.390, 205.322. The complaint names the Wells Fargo defendants and the federal defendants. The federal defendants filed a petition for removal (#1) on August 2, 2007, asserting federal jurisdiction based on 28 U.S.C. § 1442(a)(1) because a civil action had been brought in state court against the United States and one of its employees. Peoples filed a Motion to File Supplemental Complaint Under Freedom of Information Act ("FOIA") (#23), claiming additional facts were discovered and events had occurred that were material to this action. The court denied Peoples' Motion (#23) at a hearing (#45)

1  on October 29, 2007 and in a written order (#51) following the hearing, stating at the October 29, 2007
2  hearing that the amendment was futile and the motion improper due to Peoples' failure to exhaust
3  administrative remedies.  The federal defendants filed a Motion to Dismiss (#29), which is currently
4  pending before the court.
5        Peoples filed the instant motion (#27) on September 25, 2007, requesting leave to file a RICO
6  Act Statement ("Statement") pursuant to Rule 15 of the Federal Rules of Civil Procedure.  The
7  remainder of the motion consists of Peoples' 27-page Statement, a lengthy and confusing account of the
8  facts and statutes underlying his claims, correspondence with the Internal Revenue Service ("IRS"), and
9  documents related to his Wells Fargo account.  Peoples also "request[s] to amend the Statement (RICO)
10 with additional details and supporting Points and Authorities," and states his intention to draft a
11 complaint under RICO "[a]fter processing Discovery procedures." (Mot. at 29.)
12       In response (#32), the Wells Fargo defendants argue Peoples' motion should be denied because
13 he has failed to satisfy the elements of a RICO claim.  The United States defendants argue in their
14 opposition (#33) that Peoples' motion is unintelligible, fails to establish a claim for relief under the
15 Nevada RICO statute, and may not sue for a tax refund under RICO.  Peoples' reply (#37) states that his
16 motion (#27) sets forth his RICO claims "with painstaking specificity and etails [sic]" sufficient to put
17 defendants on notice of the claims.  (Reply at 1.)  For reasons the court cannot discern, Peoples also
18 argues defendants' opposition contains factual inaccuracies that "have no place in the context of a
19 motion to dismiss" and cites the legal standard for a motion to dismiss pursuant to Rule 12(b)(6).
20 (Reply at 2.)  Finally, Peoples includes another "Statement of the Case" which again details the facts
21 and statutes supporting his claims.

## DISCUSSION

23       Although Peoples states he is seeking leave to file a RICO Act Statement, Peoples' motion
24 (#27) appears to be an attempt to amend the pleadings.  The Statement resembles the form of a
25 complaint in that it pleads facts, states violations of law, and sets forth causes of action.  Moreover,
26 Peoples claims to have authority to file the Statement under Rule 15 of the Federal Rules of Civil
27 Procedure, which establishes the requirements for amending pleadings.  Rule 15 provides,
28 ///

1  (a) Amendments Before Trial.

2  (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:

3  

4  (A) before being served with a responsive pleading; or

5  (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

6  (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

7  

8  Fed. R. Civ. P. 15(a).

9       Peoples may not amend his complaint as a matter of right because the defendants have already

10  responded to the complaint and more than 20 days have passed since he served the complaint.

11  Additionally, the court will not grant leave to amend the complaint because the Statement does not

12  comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure

13  requires that a pleading contain, among other things, "a short and plain statement of the claim showing

14  that the pleader is entitled to relief." See also Fed. R. Civ. P. 8(d) (requiring a pleading to be "simple,

15  concise, and direct"). Peoples' Statement, however, is cumbersome in length and difficult to

16  comprehend. By his own admission, the Statement provides "painstaking specificity and etails [sic]"

17  which the court finds is inconsistent with notice pleading under the federal rules. (Reply at 2.)

18       Furthermore, Peoples already filed a complaint (#1 at Exh. "A") alleging violations of RICO.

19  Under the Federal Rules of Civil Procedure, Peoples may not use an amended complaint to argue all the

20  evidence in support of his complaint, as he attempts to do in the current motion. The court therefore

21  finds that Peoples' Statement does not meet the pleading requirements under federal law and that justice

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

does not require granting Peoples leave to amend his complaint. The court recommends that his motion be denied.

Based on the foregoing, and good cause appearing,

**IT IS RECOMMENDED** that Peoples' Motion to File RICO Act Statement (#27) be DENIED.

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve <u>specific written objections</u> together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

Dated this 5th day of December, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE