# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT PEOPLES, | 2:07-cv-0125-RCJ-PAL |
| Plaintiff, | |
| vs. | **ORDER GRANTING** |
| | **MOTION TO DISMISS** |
| WELLS FARGO BANK, AFIZA HOMAM, New Account Specialist, Customer Service, ANGELICA TENCHZVEZ, Manager Custom Service, Individual, Official Capacity, INTERNAL REVENUE SERVICE, DEBORAH J. EGAN, Operations Manager, Ogden, Utah, DOES I THROUGH V, Individual/Official Capacity, | |
| Defendants. | |

## INTRODUCTION

This matter comes before the Court on Defendants United States and Deborah J. Egan's (collectively "Federal Defendants") Motion to Dismiss. The Court has considered the Federal Defendants' Motion and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is *granted*. (#29).

## BACKGROUND

This action arises out of an alleged scheme by which Plaintiff was deprived of funds taken by levy and execution on his bank account resulting in overpayment of federal income tax returns

1  for a period of twelve years. On June 21, 2007, the Plaintiff initiated this action in the Justice Court,
2  Las Vegas Township in Clark County, Nevada, by filing a complaint for conspiracy under the
3  Nevada State Racketeer Influence and Corrupt Organization (RICO) Act as enumerated in NRS §
4  § 207.360, 207.380, 207.390, naming Wells Fargo, Afiza Homam, Angelica Tenchzvez, the Internal
5  Revenue Service, Deborah J. Egan and Does I through V as defendants. (#1, Exhibit A). Defendants
6  Wells Fargo Bank, Afiza Homam and Angelica Tenchzvez (collectively "Non-Federal Defendants")
7  timely filed an answer to Plaintiff's complaint on July 12, 2007. (#1, Exhibit D). The United States
8  and Deborah J. Egan (collectively "Federal Defendants") have not properly been served. (#24 at 2).
9  Despite not being served, the Federal Defendants properly removed the suit to this Court on August
10 2, 2007. (#1).

11         Plaintiff appears to be making claims against the Defendants under the Nevada RICO Act
12 where the alleged predicate acts include extortion, fraud and obstruction of justice. The Plaintiff also
13 appears to make claims against at least some of the Non-Federal Defendants for breach of contract
14 and against the Federal Defendants for a tax refund and wrongful levy. *See, e.g.,* Compl. at pp. III-V,
15 XI, XIV. The allegations against the Federal Defendants charge that the Internal Revenue Service
16 levied on Plaintiff's social security payments upon Plaintiff's failure to pay delinquent taxes. As a
17 result of the levy, Plaintiff contends that his social security benefits were reduced by $88.95 per
18 month. *Id.* at XII-XIII. This reduction in benefits caused less money in social security to be directly
19 deposited into his Wells Faro bank account which in turn, Plaintiff alleges, caused him to overdraft
20 his account. *Id.* at XIII-XIV. The Federal Defendants now move to be dismissed from the lawsuit.

21 **I.     MOTION TO DISMISS.**

22         The Federal Defendants request dismissal from the case for the following reasons: (1)
23 Plaintiff's suit against the Federal Defendants is barred by the doctrine of sovereign immunity; (2)
24 the Court lacks personal jurisdiction over the Federal Defendants because they have not been

properly served; (3) the Complaint fails on its face to properly plead a Nevada RICO Action; (4) the Court lacks jurisdiction over Plaintiff's refund claim; and (5) the Court lacks jurisdiction over any potential alleged wrongful levy claims.

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because the other grounds for dismissal will become moot if dismissal is granted. *Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975). Here, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against the Federal Defendants.

**A.     Lack of Subject Matter Jurisdiction–Doctrine of Sovereign Immunity.**

As a preliminary matter, the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Mr. Peoples appears *pro se* and his Complaint will be liberally construed.

The Federal Defendants assert that the United States has not waived its sovereign immunity from this lawsuit. This is a question of the Court's subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Under the principle of sovereign immunity, the United States may not be sued without its consent, and the terms of its consent must define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). This prohibition "cannot be avoided by naming officers and employees of the United States as defendants." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Lawsuits against government employees in their official capacities are considered lawsuits against the Untied States, thus, the defense of sovereign immunity applies to Ms. Egan. Waivers of sovereign immunity "must be explicitly expressed" and "must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and

dismissal is required. *See Id.* at 1204; *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

The party suing the United States must point to an unequivocal waiver of sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Here, Peoples' Complaint does not identify an unequivocal waiver of immunity. However, considering Plaintiff's *pro se* status, the Court will liberally construe the Complaint to see if there is any arguable basis for a waiver of sovereign immunity. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court will analyze its jurisdiction under the Federal Tort Claims Act, the Constitution, and under the cited RICO statutes.

First, Plaintiff's Complaint alleges various tort claims–fraud and conversion. The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for tortious acts for which a private person would be liable in similar circumstances. This waiver of sovereign immunity is strictly limited to its terms. *Sherwood*, 312 U.S. at 586. Indeed, the procedural requirements for filing of claims under the FTCA are properly considered prerequisites for the waiver of sovereign immunity. *See Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir.1995) (FTCA administrative claim prerequisite is jurisdictional) (*citing Jerves v. U.S.*, 966 F.2d 517, 518 (9th Cir.1992)). Section 2675(a) of Title 28 prohibits the institution of an action under the FTCA prior to the final disposition of the claim by the appropriate federal agency. 28 U.S.C. § 2675(a). Here, Plaintiff never filed his claim with the IRS as required under the statute. Accordingly, the Court lacks jurisdiction because the Plaintiff has failed to satisfy the procedural requirements of the FTCA.

Second, Plaintiff alleges violations of his constitutional rights–the "equal protection" and "due process" clause of the Fourteenth Amendment. However, the United States has not waived sovereign immunity with respect to such claims. *Rivera v. U.S.*, 924 F.2d 948, 951 (9th Cir. 1991). And the Court lacks subject matter jurisdiction as to the Federal Defendants because they are entitled

to qualified immunity on Plaintiff's constitutional claims.

Finally, no RICO statute waives the sovereign immunity of the United States or its agencies. *McMillian v. Dept. of Interior*, 907 F.Supp. 322, 326 (D. Nev. 1995) (*citing Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991)). In the present case, Plaintiff filed suit under a state RICO claim against the United States. However, the Nevada State legislature lacks the authority to waive the federal government's sovereign immunity. *See Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982) (only Congress enjoys the power to waive the United States' sovereign immunity). Since the United States has not consented to be sued under Nevada RICO, the Court lacks subject matter jurisdiction.

The Federal Defendants have not waived their sovereign immunity with respect to Plaintiff's fraud, conversion, constitutional, and RICO claims. Therefore, the Court lacks subject matter jurisdiction and the Federal Defendants' Motion to Dismiss is *granted*.

**B.     Refund Claims.**

A liberal interpretation of Plaintiff's Complaint reveals a potential claim for tax refund for taxes which were "erroneously and illegally assessed and collected." (#23 at ¶¶ 2, 20-29). A taxpayer has the right to file suit to recover any internal revenue tax erroneously or illegally collected or assessed. 28 U.S.C. § 1346(a)(1). In order for a district court to have subject matter jurisdiction over a suit for a tax refund, the taxpayer must file a timely administrative claim for refund. *Flora v. United States*, 362 U.S. 145, 150-51 (1960); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985). Accordingly, compliance with 26 U.S.C. § 7422(a) and Tres. Reg. 301.6402-2(b)(1), by specifying all grounds and supporting facts upon which a claim for refund is based, is a jurisdictional prerequisite for a suit for refund of taxes. *United States v. Felt & Tarrant Co.*, 283 U.S. 269, 272 (1931).

Plaintiff's Complaint fails to allege that he filed any administrative claims for a refund. Based upon this omission in Plaintiff's Complaint, Plaintiff has failed to allege the requisite jurisdictional elements. Thus, the Court is without jurisdiction over Plaintiff's refund claim.

**C.    Wrongful Levy Claims.**

Lastly, the Plaintiff alleges that the IRS wrongfully levied his social security pension. (#23 at ¶¶ 3, 4, 15, 16). However, the plaintiff does not meet the jurisdictional prerequisites for filing a wrongful levy claim. Pursuant to 26 U.S.C. § 7426:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States.

Pursuant to the express terms of the statute, the Court only has jurisdiction over a wrongful levy claim if three prerequisites are established: (1) the party asserting the wrongful levy claim must not be one against whom the tax was assessed; (2) the person must have an interest or lien in the property; and (3) the property must have been wrongfully levied upon. *The Equitable Life Assurance Society of the United States v. Mischo*, 363 F.Supp. 1239, 1243-44 (E.D. Cal. 2005). In this case, the Plaintiff is precluded from bringing a wrongful levy action because he is the taxpayer against whom the tax assessments were made and whose property is being levied. Since the Plaintiff cannot meet the first prerequisite for federal jurisdiction over a wrongful levy claim, this Court is without jurisdiction.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants United States and Deborah Egan's Motion to Dismiss is *granted*. (#26). This Court does not have subject matter jurisdiction over the Federal Defendants because they are entitled to sovereign immunity. To properly sue the United States, Plaintiff must properly cite the relevant statute demonstrating that the United States waived

immunity. Plaintiff has failed to cite any statute demonstrating wavier of immunity and the Court cannot find such waiver. Additionally, Plaintiff has failed to properly plead the jurisdictional elements for a wrongful levy claim and refund claim against the Federal Defendants.

DATED: January 18, 2008.

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE

(jb)