1

2

3

4        **UNITED STATES DISTRICT COURT**

5        **DISTRICT OF NEVADA**

6

7   ROBERT PEOPLES,                          )            2:07-cv-01025-RCJ-PAL
                                             )
              Plaintiff,                      )
8                                            )
         vs.                                 )            **ORDER**
9                                            )
    WELLS FARGO BANK, AFIZA HOMAM, New        )
10  Account Specialist, Customer Service,     )
    ANGELICA TENCHZVEZ, Manager Custom        )
11  Service, Individual, Official Capacity,   )
    INTERNAL REVENUE SERVICE, DEBORAH         )
12  J. EGAN, Operations Manager, Ogden, Utah, )
    DOES I THROUGH V, Individual/Official     )
13  Capacity,                                 )
                                             )
14            Defendants.                     )
                                             )

15

16       Before the Court is Plaintiff Robert Peoples's Motion to Reconsider (#85).  Plaintiff is

17  appearing *pro se*.  The Court has considered the motions and pleadings on file and any oral argument

18  before the Court.  IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider is *denied*.

19                              **BACKGROUND**

20       This action arises out of an alleged scheme by which Plaintiff was deprived of funds taken

21  by levy and execution on his bank account resulting in overpayment of federal income tax returns

22  for a period of twelve years.  On June 21, 2007, Plaintiff initiated a lawsuit in the Justice Court, Las

23  Vegas Township in Clark County, Nevada, by filing a complaint for conspiracy under the Nevada

24  State Racketeer Influence and Corrupt Organization (RICO) Act as enumerated in NRS §§ 207.360,

25  207.380, and 207.390, naming Wells Fargo, Afiza Homam, Angelica Tenchzvez, the Internal

1   Revenue Service, Deborah J. Egan and Does I through V as defendants.  (#1, Ex. A).  On August 2,

2   2007, the lawsuit was removed to federal court. (#1).  Plaintiff filed a Motion to Remand the lawsuit

3   to state court (#11), which the Court denied.  (#50).

4        On January 18, 2008, the Court entered an Order Granting Motion to Dismiss in favor of

5   Defendants United States and Deborah J. Egan. (#77).  On March 14, 2008, the Court entered an

6   Order Granting Summary Judgment in Favor of Defendants Wells Fargo Bank, Afiza Homam, and

7   Angelica Tenchzvez. (#83).  On March 17, 2008, Plaintiff filed his Motion to Reconsider the

8   Court's order denying Plaintiff's Motion to Remand.  As support for his Motion to Reconsider,

9   Plaintiff cites to several resources, including *Stand Up to the IRS*, *The Book the IRS Doesn't Want*

10  *You to Read*, and *Your Rights as a Taxpayer*. (#85, Exs. D, E, G).

11                                    **DISCUSSION**

12       The Court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*, 42 F.3d

13  1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).

14  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence,

15  (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening

16  change in controlling law."  *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255,

17  1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  Motions for reconsideration are

18  disfavored, however, and are not the place for parties to make new arguments not raised in their

19  original briefs.  *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest*

20  *Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is

21  reconsideration to be used to ask the court to rethink what it has already thought.  *See Walker v.*

22  *Giurbino*, 2008 WL 1767040, *2 (E.D. Cal. 2008); *United States v. Rezzonico*, 32 F.Supp.2d 1112,

23  1116 (D. Ariz. 1998).

24       "A party seeking reconsideration must show more than a disagreement with the Court's

25  decision, and recapitulation of the cases and arguments considered by the court before rendering its

1  original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134

2  F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of

3  the trial court.  *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v.*

4  *Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law

5  of a strongly convincing nature to induce the court to reverse its prior decision.  *See, e.g.,*

6  *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part

7  and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

8       Plaintiff has failed to present the Court with newly discovered evidence, to demonstrate how

9  the Court's denial of Plaintiff's Motion to Remand was clear error or manifestly unjust, or to show

10  that there has been an intervening change in controlling law.  In sum, Plaintiff has failed to satisfy

11  Plaintiff's burden on a motion to reconsider.  On this basis alone, Plaintiff's Motion to Reconsider

12  must be denied.

13       Furthermore, based upon the Court's orders granting Defendants' motion to dismiss and

14  motion for summary judgment, no causes of action remain in this case.  Because there is nothing to

15  remand, Plaintiff's Motion to Reconsider is also denied as moot.

16                                    **CONCLUSION**

17       IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider is *denied* (#85).

18       DATED: November 20, 2008

19

20  _____
    Robert C. Jones
21  United States District Judge

22

23

24

25  (bb)